# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                              Criminal Action No. 2:14-cr-20-7

JESSICA DAWN KERNS,
       Defendant.

## OPINION/REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jessica Dawn Kerns, in person and by counsel, Dorwin Wolfe, appeared before me on September 29, 2014. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Twenty-Nine of the Indictment.

The Court proceeded with the Rule 11 hearing by first placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written plea agreement. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that a prior agreement containing a stipulation as to greater relevant conduct had been offered to Defendant. Counsel for Defendant indicated that the Government's representations were correct and that the instant agreement was more favorable to Defendant than the prior agreement. Counsel for Defendant stated that he had discussed both agreements with Defendant. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the

agreement. The Court **ORDERED** the written plea agreement filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court then inquired of Defendant whether she was a citizen of the United States. Defendant responded that she is a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jessica Dawn Kerns, only after having had his rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The

2

Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Twenty-Nine of the Indictment and the elements the Government would have to prove, charging her with distribution of alprazolam, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i). The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Twenty-Nine of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least one (1) year of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate and collateral attack rights as follows:

Ct.	Now, in your written plea agreement and I want you to turn to this, it's found in paragraph –Part E, paragraph 13 A and B. And basically, these two paragraphs, A and B, say that first,

| | |
|---|---|
| | you give up your right to appeal any conviction and any sentence to the Fourth Circuit Court of Appeals and that's any sentence within the statutory maximum, do you understand that? |
| Def. | Yes. |
| Ct. | Now in B– |
| AUSA: | Judge, may I– |
| Ct. | Did I miss something? |
| AUSA: | Yeah, it actually, [inaudible] but actually Judge, any sentence of probation. |
| Ct. | Where is that? |
| Def. | Other than probation. |
| Ct. | I, I stand corrected. Sorry. If you get probation, you understand you're giving up your right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals? |
| Def. | Yes. |
| Ct. | If you get probation, you're also giving up your right to collaterally attack or file a writ of habeas corpus motion under 28 U.S.C. § 2255, is that correct? |
| Def. | Yes. |
| Ct. | Now, you also agree in paragraph B that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. |
| Def. | Yes. |
| Ct. | Did you get all the discovery in this case? |
| Def. | Yes. |
| Ct. | At least all–and you reviewed everything that was turned over to Mr. Wolfe? |
| Def. | Yes. |

| | |
|---|---|
| Ct. | And did Mr. Wolfe interview all the witnesses like he said he did in the very beginning of this hearing? |
| Def. | Yes. |
| Ct. | And were you aware of what he was doing? |
| Def. | Yes. |
| Ct. | And was it to your satisfaction? |
| Def. | Yes. |
| Ct. | Ms. Kerns, did you intend to give up your right to appeal and your right to collaterally attack if you get probation as set forth in paragraph 13 of the plea agreement? |
| Def. | Yes. |
| Ct. | Did you fully understand that paragraph when you signed the plea agreement? |
| Def. | Yes. |
| . . . | |
| Ct. | And what is your understanding of that paragraph? |
| Def. | That if I get something other than probation, some kind of jail sentencing, that's the only time I can appeal anything. |
| Ct. | Alright. I think that's a pretty good understanding. |

From the colloquy, the undersigned determined that Defendant understood her appellate and collateral attack rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The

undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it, along with the two representations discussed above, contained the whole of her agreement with the Government and promises or representations were made to her by the Government or other persons, including her own attorney, other than those terms contained in the written plea agreement and the two oral representations discussed above.

      The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Twenty-Nine of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Twenty-Nine of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which

she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Usually, the Court would hear the testimony of a Government witness to provide an independent basis in fact for Defendant's plea. However, the parties stipulated that the Government would provide a proffer to support such an independent basis in fact. The Government proffered that on January 3, 2013, a confidential informant ("CI") told Corporal Kaden and another officer of the West Virginia State Police that the CI could obtain Xanax pills from Defendant for $10.00 per pill. The officers provided the CI with $60.00 and digital recording equipment. The officers drove the CI to the parking lot of the Go-Mart in Elkins, West Virginia, within the Northern District of West Virginia. They inadvertently parked next to Defendant's vehicle. The CI exited the officers' vehicle and got into Defendant's vehicle. The CI gave Defendant $60.00 in exchange for six (6) alprazolam pills. The CI exited Defendant's vehicle and returned to the officers. The pills were subsequently

analyzed by the West Virginia State Police laboratory, where it was determined that they contained alprazolam.

Defendant, Jessica Dawn Kerns, with the consent of her counsel, Dorwin Wolfe, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Twenty-Nine of the Indictment.

Defendant stated she heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Twenty-Nine of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Twenty-Nine of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Twenty-Nine of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Twenty-Nine of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release to be entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 30th day of September, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE